**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **PERRY PATTERSON, #1673121** | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:12cv5** |
| **REGINALDO STANLEY, ET AL.** | § | |

## ORDER OF DISMISSAL

Plaintiff Perry Patterson, an inmate confined at the Telford Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Caroline M. Craven, who issued a Second Report and Recommendation finding that the Defendants' motion for summary judgment for failure to exhaust administrative remedies should be granted. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of the Plaintiff are without merit.

The Plaintiff stressed in his objections that he filed many grievances and argued that he satisfied the requirements of the Prison Litigation Reform Act ("PLRA"). The PLRA, however, mandates that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that § 1997e(a) requires "proper exhaustion" that gives the prison grievance system "a fair opportunity to consider

1

the grievance." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). The exhaustion requirement is satisfied only if the "grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004) (discussing the specificity required in order to satisfy the exhaustion requirement). Magistrate Judge Craven fully discussed how the Plaintiff's grievances failed to give prison officials a fair opportunity to consider his complaints. She noted that the problems with his grievances included his tendency to change the focus of a grievance from Step 1 to Step 2, his failure to name defendants in his grievances and his failure to wait for a response to his Step 2 grievance before filing this lawsuit. The findings and conclusions are correct, thus the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

    **ORDERED** that the Second Report and Recommendation (docket entry #53) is **ADOPTED**. It is further

    **ORDERED** that the Defendants' motion for summary judgment for failure to exhaust administrative remedies (docket entry #45) is **GRANTED** and the complaint is **DISMISSED** with prejudice. It is finally

    **ORDERED** that all motions not previously ruled on are **DENIED**.

    **It is SO ORDERED.**

    **SIGNED this 22nd day of August, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE